IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 6:20-cr-1-9 |
| AUDREA SALEM, | |
| Defendant. | |

**O R D E R**

For the reasons set forth below, the Court **DENIES** Defendant's motion wherein she requests "consideration for the maximum amount to [residential reentry center/home confinement] placement." (Doc. 1354).

The statutory basis for Defendant's request is not clear.  To the extent that Defendant challenges the Bureau of Prison's calculation of her sentence, she would have to first exhaust her administrative remedies within the BOP which she has apparently not accomplished. United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005).  Further, Defendant would have to bring her sentence calculation claim via 28 U.S.C. § 2241 in the district of her current confinement. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).  Because she is not currently confined in this district, the Court cannot grant her any relief under Section 2241.  Thus, to the extent that Defendant intended to bring her claim pursuant to 28 U.S.C. § 2241, the Court **DENIES** that claim **WITHOUT PREJUDICE**.

Further, while this Court sentenced Defendant, the execution of her sentence rests with the United States Bureau of Prisons which designates a prisoner's place of confinement.  See 18 U.S.C. § 3621 ("The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by

the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable[.]"); see also Cohen v. United States, 151 F.3d 1338, 1343 (11th Cir. 1998) (Congress "inten[ded] to allow the BOP to rely on its own judgment in classifying prisoners and placing them in institutions"); Brown v. Atkinson, No. 09-23555-CIV, 2010 WL 3659634, at *4 (S.D. Fla. June 11, 2010), report and recommendation adopted, No. 09-23555-CIV, 2010 WL 3659587 (S.D. Fla. Sept. 15, 2010) ("The law is clear that the BOP has exclusive authority to designate a prisoner's place of confinement. A federal district court does not have the authority to order an inmate's placement in a particular facility or program.").  Thus, the Court **DENIES** Defendant's request that this Court order that she serve the remainder of her sentence in a residential reentry center or on home confinement.

**SO ORDERED**, this 30th day of July, 2024.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA